IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**1STARR DALTON**,

    **Plaintiff,**

v.                                              **Case No.: 1:10-cv-01296**

**BOOKER T. STEVENS, et al,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the initial screening of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 (Docket No. 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, 1Starr Dalton ("Dalton"), filed this complaint on November 12, 2010, naming two West Virginia Circuit Court Judges, an attorney, three United States District Judges, and two United States Magistrate Judges as defendants.[1] Dalton claims that the defendants "are facilitating his false imprisonment in flagrant defiance to the constitution and laws made pursuant thereof, and therefore, have violated his 1st, 4th, 5th, 6th, 8th, 13th, 14th, and 15th amendment rights." He seeks

---

[1] Dalton sues State Court Judges Booker T. Stephens and Rudolph J. Murensky; attorney Thomas Evans; United States District Judges Irene C. Berger, Joseph R. Goodwin, and David A. Faber; and United States Magistrate Judges Mary E. Stanley and R. Clarke Vandervort.

- 1 -

the following relief:

    1.    That this Court order the defendants on the federal judiciary to refrain from procedural bars to his petitions for a writ of habeas corpus and "either grant habeas relief or order the state to show cause for why the plaintiff is not detained in violation of the constitution;"

    2.    That this Court order Judge Murensky to grant habeas relief; and

    3.    That this Court order the defendants "to show cause why the writ should not be granted and if they cannot do so in fact and in law the court must effectuate the reversal of petitioner's conviction and his immediate release or order that a hearing in habeas corpus be held promptly."

For the reasons that follow, the undersigned **FINDS** that Dalton's complaint is frivolous and, thus, **RECOMMENDS** that the presiding District Judge dismiss the complaint, with prejudice, and remove it from the docket of the Court.

## I.   <u>Relevant History</u>

On April 22, 1999, pursuant to the terms of a plea agreement, Dalton pled guilty in the Circuit Court of McDowell County, West Virginia to the charge of Non-Aggravated Robbery.[2] In exchange for the guilty plea, the Prosecuting Attorney agreed to a sentence of eight years imprisonment. The sentencing judge adopted the

---

[2] The history is obtained from Dalton's complaint, as well as from documents of record in *Dalton v. McBride,* Case No. 1:07-cv-00074. For the purposes of this initial screening, the undersigned takes judicial notice of the content of the court records in all of Dalton's proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989). Dalton's cases include the following: *Dalton v. McBride,* Case No. 1:07-cv-00074; *Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-00956*; Dalton v. West Virginia Div. of Corrections,* Case No. 2:08-cv-00335; *Dalton v. Rubenstein,* Case No. 1:08-cv-00901; *Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-00956*; Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-00957; *Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-00958; *Dalton v. West Virginia Div. of Corrections,* Case No. 2:08-cv-01151; *Dalton v. West Virginia Div. of Corrections,* Case No. 2:08-cv-01153; *Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-01216; *Dalton v. West Virginia Parole Board, et al.,* Case No. 2:08-cv-01218; *Dalton v. Stephens, et al.,* Case No. 2:09-cv-01332; *Dalton v. Goodwin, et al.,* Case No. 2:09-cv-01558; *Dalton v. Murensky,* Case No. 1:10-cv-01259; *Dalton v. Stephens, et al.,* Case No. 1:10-cv-01286; *Dalton v. Stephens, et al.,* Case No. 1:10-cv-01296; *Dalton v. Rubenstein, et al.,* Case No. 2:10-cv-01297.

agreement and sentenced Dalton to a definite eight year term of imprisonment. Because Dalton was a juvenile at the time, he was ordered to serve his sentence at the Industrial Home for Youth until he reached eighteen years of age. On June 12, 2002, Dalton was found unfit to remain in the youth home due to disciplinary violations and was remanded to the West Virginia Division of Corrections for the remainder of his sentence. At that time, the sentencing judge learned that the original determinate sentence was incorrect given that the West Virginia criminal code allowed only an indeterminate sentence of five to eighteen years imprisonment for a conviction of Non-Aggravated Robbery. Accordingly, the judge advised Dalton's counsel and the Prosecuting Attorney that he intended to enter an order correcting the sentence and gave the parties an opportunity to discuss options with respect to resentencing, including filing a motion to withdraw the plea. Dalton did not move to withdraw his plea; consequently, the court entered an order correcting the sentence and imposing an indefinite five to eighteen year term of imprisonment.

On September 13, 2004, Dalton filed a petition for writ of habeas corpus in the Circuit Court of McDowell County, challenging the length of his sentence. On December 21, 2004, the Circuit Court denied the petition. On January 11, 2006, Dalton filed a second petition for writ of habeas corpus based upon the same grounds, which again was refused by the Circuit Court on August 11, 2006.

On February 7, 2007, Dalton filed his first action in the United States District Court for the Southern District of West Virginia, seeking a writ of habeas corpus and alleging thirteen separate grounds for relief.[3] On March 30, 2007, United States

---

[3] *Dalton v. McBride,* Case No. 1:07-cv-00074.

- 3 -

Magistrate Judge R. Clarke VanDervort filed Proposed Findings and Recommendation, which concluded that Dalton's petition was untimely and Dalton had not demonstrated the extraordinary circumstances necessary to justify the application of equitable tolling. Dalton objected to the Magistrate Judge's findings. Nonetheless, the presiding District Judge adopted the Proposed Findings and Recommendation and dismissed Dalton's action on July 9, 2007. Dalton subsequently appealed the dismissal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which rejected the appeal as untimely.

On July 7, 2008, Dalton filed his second federal petition for writ of habeas corpus, asserting thirty-three separate grounds for relief.[4] On December 11, 2008, United States Magistrate Judge R. Clarke VanDervort filed Proposed Findings and Recommendation, determining that the action constituted a second or successive Section 2254 petition that was filed without the authorization of the Fourth Circuit as required under 28 U.S.C. § 2244(b). For that reason, and for the added reason that the petition was not timely filed, the Magistrate Judge recommended that the case be dismissed. Dalton filed objections to the Proposed Findings and Recommendation; however, the presiding District Judge overruled the objections and dismissed the civil action. Dalton sought and was denied a certificate of appealability; the Fourth Circuit summarily dismissed the action on August 5, 2009.

In addition to the two federal habeas petitions, during the period between February 2007 and December 2010, Dalton filed fourteen cases in this Court, including twelve § 1983 actions, one petition for writ of habeas corpus pursuant to

---

[4] *Dalton v. Rubenstein,* Case No. 1:08-cv-00901.

- 4 -

28 U.S.C. § 2241, and one petition for a writ of mandamus. Of particular note, four of these cases were dismissed as frivolous[5] and one was dismissed for Dalton's failure to pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(g).[6]

Dalton was paroled on February 9, 2011. His anticipated date of discharge from the West Virginia Division of Corrections is December 2, 2011.

## II. Analysis

Pursuant to the provisions of 28 U.S.C. § 1915A, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Section 1915A(b) requires the Court to dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A "frivolous" case is one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319 at 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented,

---

[5] These cases include *Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-00956*; Dalton v. West Virginia Parole Board, et al,* Case No. 2:08-cv-00957*; Dalton v. Stephens, et al.,* 2:09-cv-01332; *Dalton v. Goodwin, et al.,* 2:09-cv-01558.

[6] *Dalton v. Rubenstein, et al.,* Case No. 2:10-cv-01297.

*Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

In addition, pursuant to the provisions of 28 U.S.C. § 1915(g), a prisoner shall be precluded from proceeding in a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . ." The only exception to this rule is if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the present case, Dalton's complaint should be dismissed for a variety of reasons, not the least of which is his failure to pay the requisite filing fee.[7] In view of his history of frivolous filings, Dalton cannot proceed *in forma pauperis* under the facts he has alleged in this action. The docket reflects that Dalton has not petitioned to proceed without prepayment of fees and costs, but has not paid the filing fee either. Undoubtedly, Dalton is aware of his responsibility to pay the fee as he was reminded of that duty as recently as March 11, 2011.[8] Consequently, his failure to pay the filing fee results in a recommendation of dismissal.

In addition to nonpayment of the filing fee, Dalton's complaint fails because it lacks an arguable basis in law. Inasmuch as Dalton requests, as his sole relief, the

---

[7] In light of the multiple grounds for dismissal, the undersigned will not discuss all of them; particularly, those—such as *res judicata* and judicial immunity—that have been addressed in prior decisions.

[8] *Dalton v. Rubenstein, et al.,* Case No. 2:10-cv-01297 at Docket No. 7.

issuance of orders by this Court compelling the various state and federal judges to grant him habeas relief and release him from prison, Dalton simply repackages the claims he has repeatedly raised in his unsuccessful state and federal actions.[9] Although a claim seeking immediate or speedier release from prison may fall within the literal terms of § 1983, the Supreme Court of the United States has made it clear that "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Rather, the law is well-settled that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his conviction or sentence. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Consequently, an action that seeks to invalidate the duration of a state prisoner's confinement necessarily implies the unlawfulness of the State's custody and must be brought by filing a petition for a writ of habeas corpus. *Id.*

Here, the Court is precluded from construing Dalton's § 1983 claim as a petition for writ of habeas corpus as it would constitute Dalton's third § 2254 proceeding. A district court may only rule on a successive § 2254 petition when a petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. As the

---

[9] Dalton asks in the alternative that the judges be compelled to "order the state to show cause for why the plaintiff is not detained in violation of the constitution" and "if they cannot do so in fact and in law the court must effectuate the reversal of petitioner's conviction and his immediate release or order that a hearing in habeas corpus be held promptly." The undersigned does not seriously consider Dalton's alternative request for relief. Obviously, Dalton's goal in filing this civil action was to obtain immediate or speedier release from prison, not another round of state court proceedings. In any event, he is not entitled to the alternative relief he requests, because he has no constitutional right to a particular procedure on state habeas review. "[I]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of constitutional dimensions." *Wainwright v. Goode,* 464 U.S. 78. 83, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983).

Fourth Circuit explained in *In re Williams*, the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." 364 F.3d 235, 238 (4th Cir. 2004); *See also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Dalton has not obtained such authorization. As a result, this District Court has no jurisdiction to consider the complaint.

Finally, to the extent that the undersigned could construe Dalton's complaint as a petition for a writ of mandamus, it still falls short. "Mandamus relief is a drastic remedy and should only be used in extraordinary circumstances." *In re Agee,* 2011 WL 683933 (4th Cir. 2011) (unpublished), *citing Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976). Use of the writ is traditionally limited to cases in which a federal court is acting in aid of its own jurisdiction. 28 U.S.C. § 1361; *See, also, Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587-88 (4th Cir. 1969). A federal district court may issue a writ of mandamus compelling an employee or official of the United States to perform a duty owed to a plaintiff, but lacks jurisdiction to compel a *State's* officers or employees to perform a specific duty. *See, e.g. In re Campbell,* 264 F.3d 730, 731 (7th Cir. 2001); *In re Carr,* 803 F.2d 1180 (4th Cir. 1986) (unpublished). As such, this Court has no jurisdiction to compel the state court defendants to issue a writ of habeas corpus, hold habeas hearings, or enter show cause orders.[10] Similarly, a petition for a writ of mandamus

---

[10] Dalton seeks no relief even remotely applicable to defendant Evans, who was court-appointed to represent Dalton in post-conviction proceedings.

- 8 -

filed in this District Court is not the proper vehicle by which to appeal its prior decisions or to seek their reconsideration. Accordingly, Dalton offers no legitimate basis upon which to maintain this civil action.

### III. <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's § 1983 Complaint (Docket No. 1) be **DISMISSED**, with prejudice.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondents, and any counsel of record.

**FILED:** November 15, 2011.

Cheryl A. Eifert
United States Magistrate Judge